WILLIAM LAWRENCE MINTER V. THE STATE.

No. 22610. Delivered November 24, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*Howard Dailey*, of Dallas, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of ten years in the penitentiary on an indictment charging statutory rape.

The indictment returned on November 13, 1942, alleges the offense to have been committed on May 24, 1942. The prosecu-

ing witness, Mary Jean Burnett, relates in detail the story of meeting appellant,·a stranger to her, whom she positively identifies, and going with him to a secluded place in the park where the offense was committed. After this, they went together to the home of Mr.· and Mrs. Landers, acquaintances of the appellant, in an effort to secure lodging for the night. Landers and his wife testified in behalf of the State, relating the same story as told by the prosecutrix. They had known the appellant for some time prior thereto intimately. Appellant introduced the girl to the Landers' as Mary Jean Burnett. They declined to permit the couple to stay all night and appellant then took the girl to Watt's Shoe Shop and secondhand store where he secured permission to sleep on a mattress on the floor. in the front part of the store building for the night with the prosecutrix. He represented to the young girl that he was going to take her to California and marry her. Instead, he left her early the next morning on a promise to return shortly, but did not do so. The girl then went to the home of Mr. and Mrs. Landers nearby, where she was given food and assistance to get back to her parents. The State's evidence includes that of the owner of the store where they spent the night, together with another party lodging there. The evidence of the girl is positive and contains all details necessary to make out the case against appellant.

The appellant, testifying in his own behalf, denied he knew the girl and denied, in toto, all the things which the State witnesses swore against him and claimed that he was not in the City of Dallas, but in San Antonio, from·about May 19 until some time in June. His mother and brother gave like testimony. There is no way to reconcile the testimony of the State and the defense. The jury determined the issues of fact for the State.

A motion for new trial was filed in this case, every paragraph of which was contested by the State. The trial judge passed upon these issues of fact and concluded them against appellant. This court has no power to go behind his finding, under such facts as here presented.

The only question of law, presented in a very earnest brief by appellant's present counsel who did not represent him on the trial of the case, deals with the question that was wholly within the discretion of the trial court. A birth certificate was introduced in evidence, showing the age of the prosecutrix. This certificate gave her name as "Carmelita Burnett" and her birth date as June 18, 1928. A number of witnesses, however, testified, calling her "Mary Jean Burnett." There was ample evi-

dence to support a finding that Mary Jean Burnett was the victim as alleged in the indictment. At the close of the testimony in the case, the defense asked for an instructed verdict, making the contention that there was a variance between the allegation and the proof, basing it on the birth certificate. The State was then permitted to call the mother of the injured party to the stand, who testified that her daughter's real name was "Carmelita Mary Jean Burnett" and that she was the same person named in the birth certificate and also the same person appearing as the prosecuting witness. The mother had not been sworn with the other witnesses and remained in the court room during the trial. The defense objected to her being permitted to testify, on the ground that the rule had been invoked for the witnesses. We note that the prosecuting witness testified without objection to her age. For this reason, the birth certificate was not necessary to the case. She also gave her name as "Carmelita Mary Jean Burnett." She was referred to by other witnesses giving the name as it was found in the indictment. Therefore, there was no variance. The act of the trial judge, in permitting the mother to testify under the circumstances detailed, permitted nothing to go into the record which was not sufficiently proven by other testimony.

The motion for new trial presented matters which, if true, would have warranted the trial court in granting the motion but there is nothing which would warrant this court in saying that he should have done so. Neither do we find any error in the procedure.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant claims that the trial court committed fundamental error which this court, in the original dispostion of the case, failed to notice. We have again carefully reviewed the entire record, but failed to discover any fundamental error therein.

Being convinced that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.